**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3265

| | |
|---|---|
| ROOSEVELT WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Indiana, South Bend Division. |
| *v.* | No. 3:16-CV-61-RLM |
| BRIAN SMITH, | Robert L. Miller, Jr., |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Roosevelt Williams, an Indiana inmate, appeals the denial of his petition under 28 U.S.C. § 2254, challenging the determination of a hearing officer that he possessed cocaine. The district court denied his petition because the officer had sufficient evidence to find Williams guilty. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

A search of Williams's cell uncovered three barbecue sauce bottles containing false bottoms that concealed packages of white powder and a green leafy substance. The white powder was tested and classified as cut cocaine. The sergeant who conducted the search wrote a conduct report charging Williams with possessing a controlled substance. A hearing officer found Williams guilty based on the conduct report and test results, and the Superintendent denied his appeal.

Petitioning for relief under 28 U.S.C. § 2254, Williams argued that insufficient evidence supported the guilty finding. The district judge denied the petition, concluding that it was reasonable for the hearing officer to credit the conduct report and test results.

On appeal Williams reiterates that the evidence was insufficient to support a guilty finding. But the relevant question is whether there is *any* evidence in the record that could support the finding. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). Conduct reports can satisfy that standard, *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016), and the evidence here also included test results.

To the extent Williams raises any argument about the green leaves hidden in the bottles, such an argument is irrelevant because the hearing officer's decision was not based on that substance.

We have considered Williams's other arguments, and none has merit.

AFFIRMED